UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

Plaintiff,

Case No._____

Hon. _____

KENNETH HENKE, JR.,
SHERYL FISHER, SUSAN
SAWYER, BRENDA HENKE,
MARK HENKE AND
RIVERSIDE CHAPEL/SIMPSON-
MODETZ FUNERAL HOME,

Defendants.

_____/

DAVID M. DAVIS (P24006)
JOHN M. BOYDA (P39268)
Attorneys for Plaintiff MetLife
Hardy, Lewis & Page, P.C.
401 S. Old Woodward Avenue, Suite 450
Birmingham, Michigan 48009
(248) 645-0800
dmd@hardylewis.com

_____/

## COMPLAINT IN INTERPLEADER

Interpleader-Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, Hardy, Lewis & Page, P.C., for its Complaint in Interpleader states:

## NATURE OF THE ACTION

This action arises regarding conflicting claims by potential beneficiaries for life insurance benefits in the amount of TWENTY TWO THOUSAND SIX HUNDRED NINETY FIVE and 00/100 DOLLARS ($22,695.00) (the "Plan Benefits") payable under the General Motors Life and Disability Benefits Program (the "Plan") by reason of the

death of the Plan participant Kenneth Henke (the "Decedent"). MetLife seeks to deposit the Plan Benefits of the Decedent into the Registry of the Court and allow the Court to decide how they should be disbursed.

## PARTIES

1.    Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York.  It is licensed to do business in the State of Michigan.

2.    Upon information and belief, Kenneth Henke, Jr., is a son of Kenneth Henke (the "Decedent"), and he resides in Pontiac, Michigan.

3.    Upon information and belief, Defendant Sheryl Fisher is a daughter of the Decedent and she resides in Frederick, Michigan.

4.    Upon information and belief, Defendant Susan Sawyer was a friend of the Decedent, and she resides in Highland, Michigan.

5.    Upon information and belief, Defendant Brenda Henke is a daughter of the Decedent, and she resides in Ocala, Florida.

6.    Upon information and belief, Mark Henke is a son of the Decedent and he resides in Johannesburg, Michigan.

7.    Upon information and belief, Defendant Riverside Chapel/Simpson-Modetz Funeral Home has a principal place of business in Waterford, Michigan.

## JURISDICTION AND VENUE

8.    This Court has original jurisdiction of this action pursuant to 29 U.S.C. § 1132(e) (1) and 28 U.S.C. § 1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et*

*seq.* This is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure. This court also has jurisdiction pursuant to 28 U.S.C. § 1335 because two or more adverse claimants of diverse citizenship are claiming entitlement to life insurance benefits in Plaintiff's custody the value of which exceeds $500.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2) because an adverse claimant resides in this judicial district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

10.     The Decedent was a retiree of General Motors and had life insurance coverage through his employment as a participant under the General Motors Life and Disability Benefits Program (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by General Motors and funded by a group life insurance policy issued by MetLife. A true and correct copy of the relevant portion of the Summary Plan Description is attached hereto as Exhibit "A".

11.     MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. § 1104(a)(1)(D).

12.     ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

13.     The Summary Plan Description establishes, at page 38, the right of the Plan participant to name his or her beneficiary. A true and correct copy of page 38 of the Summary Plan Description is attached hereto as Exhibit "A".

3

14.     The Certificate of Insurance states on pages 5-6 that the Plan participant may name his or her beneficiary.  A true and correct copy of pages 5-6 of the Certificate of Insurance is attached hereto as Exhibit "B".

15.     The most recent beneficiary designation on file with the Plan for the Decedent is dated August 21, 2014, and names Susan Sawyer as the sole primary beneficiary.  A true and correct copy of the August 21, 2014, beneficiary designation is attached hereto as Exhibit "C".

16.     The next prior beneficiary designation form on file with the Plan for the Decedent is dated August 15, 1973, and names Kenneth Henke, Jr., Sheryl Fisher, Brenda Henke, and Mark Henke as co-equal beneficiaries.  A true and correct copy of the August 15, 1973, beneficiary designation form is attached hereto as Exhibit "D".

17.     The Decedent died on October 26, 2016.  A true and correct copy of the death certificate for the Decedent is attached hereto as Exhibit "E".

18.     At the time of his death, the Decedent was enrolled under the Plan for Basic Life Insurance coverage in the amount of TWENTY TWO THOUSAND SIX HUNDRED NINETY FIVE and 00/100 DOLLARS ($22,695.00) (the "Plan Benefits").  The Plan Benefits became payable to the proper beneficiary or beneficiaries upon the Decedent's death, pursuant to the terms of the Plan.

19.     On or about November 7, 2016, Susan Sawyer executed an Assignment in the amount of SIX THOUSAND FOUR HUNDRED SEVENTEEN and 70/100 DOLLARS ($6,417.70) to the Riverside Chapel/Simpson-Modetz Funeral Home for the funeral expenses of the Decedent. A true and correct copy of the Assignment to the Riverside Chapel/Simpson-Modetz Funeral Home is attached hereto as Exhibit "F".

20.    By Claimant's Statement dated November 10, 2016, Susan Sawyer claimed the Plan Benefits based upon the August 21, 2014, Beneficiary Designation. A true and correct copy of Susan Sawyer's November 10, 2016, Claimant's Statement is attached hereto as Exhibit "G".

21.    By letter submitted in November of 2016, Sheryl Fisher notified MetLife that she was submitting a rival claim for the Plan Benefits and was contesting Susan Sawyer's claim for the Decedent's life insurance benefits on the basis that she believes that the Decedent changed the Beneficiary Designation to name Susan Sawyer as the beneficiary of the Plan Benefits as a result of undue influence and manipulation by Susan Sawyer. A true and correct copy of Sheryl Fisher's letter is attached as Exhibit "H".

22.    A Durable Power of Attorney For Finances dated October 2, 2014, that was submitted to MetLife names Susan Sawyer as the Decedent's agent, however, at Paragraph 6 of the Power of Attorney it provides:

> INSURANCE – To purchase, pay premiums and make claims on life, health, automobile and homeowners' insurance, except my agent shall not have the power to cash in or change the beneficiary of any life insurance policy.

> A true and correct copy of the Durable Power of Attorney for Finances is attached hereto as Exhibit "I".

23.    By letter dated December 1, 2016, MetLife advised the Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing itself and the Plan to the danger of double liability. MetLife gave Defendants an opportunity to try and resolve this matter in order to preserve the Plan Benefits from litigation costs and fees. Susan Sawyer notified

MetLife that no agreement with the Decedent's children would be reached. A true and correct copy of the December 1, 2016, letter is attached hereto as Exhibit "J".

24.     MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits without risking exposure of itself, the Plan and General Motors to multiple claims and liabilities.

25.     MetLife cannot determine whether the Court would find that the August 21, 2014, Beneficiary Designation naming Susan Sawyer as the primary beneficiary of 100% of the Plan Benefits is valid or not.

26.     If the Court determines that the August 21, 2014, Beneficiary Designation is valid, then the Plan Benefits would be payable to Susan Sawyer, less the SIX THOUSAND FOUR HUNDRED SEVENTEEN and 70/100 DOLLARS ($6,417.70) payable to the Riverside Chapel/Simpson-Modetz Funeral Home for the funeral expenses of the Decedent pursuant to the Assignment executed by Susan Sawyer.

27.     If the Court determines that the August 21, 2014, Beneficiary Designation is not valid for any reason, then the Plan Benefits would be payable in equal shares to Kenneth Henke, Jr., Sheryl Fisher, Brenda Henke and Mark Henke pursuant to the August 15, 1973, Beneficiary Designation.

28.     As a mere stakeholder, MetLife makes no claim to the Plan Benefits, other than payment of its reasonable attorney's fees and costs in connection with this action. MetLife therefore respectfully requests that this court determine to whom the Plan Benefits should be paid.

29.     MetLife is ready, willing, and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or

Defendants the Court shall designate.

30.     MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff MetLife requests the Court:

(i)     Restrain and enjoin the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, General Motors, or the Plan for recovery of the Plan Benefits, plus any applicable interest, by reason of the death of the Decedent;

(ii)    Require that Defendants litigate or settle and adjust between themselves their claim for the Plan Benefits, or upon their failure to do so, that this court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

(iii)   Permit MetLife to pay into the registry of the court the Plan Benefits, plus any applicable interest, and upon such payment dismiss MetLife with prejudice from this action, and discharge MetLife, General Motors, and the Plan from any further liability upon payment into the registry of this court, or as otherwise directed by this court;

(iv)    Award such other and further relief, including attorney's fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

Respectfully submitted,

By: s/ David M. Davis
David M. Davis (P24006)
Attorneys for Plaintiff MetLife
Hardy, Lewis & Page, P.C.
401 S. Old Woodward Ave. Suite 450
Birmingham, MI 48009
Tel: 248-645-0800
dmd@hardylewis.com

Dated: May 30, 2017