UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiff,                    Civil Action No. 17-CV-11706

vs.                                          HON. MARK A. GOLDSMITH

KENNETH HENKE, JR., et al.

        Defendants.
_____/

## OPINION & ORDER
### (1) GRANTING DEFENDANT SUSAN SAWYER'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (Dkt. 32), (2) ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 31), AND (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANTS SUSAN SAWYER AND KENNETH HENKE, JR. (Dkt. 23)

Plaintiff Metropolitan Life Insurance Company ("MetLife") filed this interpleader action against Defendants after receiving rival claims for the proceeds of decedent Kenneth Henke's life insurance policy. See Compl. (Dkt. 1). MetLife received timely answers from Defendants Sheryl Fisher and Brenda Henke, two of decedent's children, and Riverside Chapel/Simpson-Modetz Funeral Home, but failed to receive any responsive pleadings from Defendant Kenneth Henke, Jr. ("Kenneth"), decedent's son, or Susan Sawyer, a friend of decedent.[1] MetLife subsequently filed requests for clerk's entry of default as to Sawyer and Kenneth (Dkts. 14, 15), which were granted (Dkts. 16, 17). Pursuant to Federal Rule of Civil Procedure 55, MetLife filed the instant motion for entry of default judgment as to Sawyer and Kenneth (Dkt. 23). Sawyer thereafter filed both an

---

[1] MetLife voluntarily dismissed Defendant Mark Henke from this action after learning of his passing (Dkt. 10).

answer to the complaint and a response to the motion (Dkt. 27), to which MetLife filed a reply (Dkt. 28). The matter was then referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings. See Order of Referral (Dkt. 29).

The magistrate judge issued a Report and Recommendation ("R&R") (Dkt. 31), recommending that MetLife's motion for default judgment be granted as to both Sawyer and Kenneth. Sawyer filed an objection to the magistrate judge's R&R (Dkt. 26), which the Court now construes as a motion to set aside the clerk's entry of default. To date, Kenneth has not filed an objection or motion of any kind. The Court reviews de novo any portion of the R&R to which specific objections are filed. Fed. R. Civ. P. 72(b)(3). For the reasons discussed below, the Court accepts the recommendation contained in the R&R as to Kenneth, and accepts in part and rejects in part the recommendation as to Sawyer. The Court grants MetLife's motion for entry of default judgment as to Kenneth, grants in part and denies in part the motion as to Sawyer, and grants in part and denies in part Sawyer's motion to set aside the clerk's entry of default.[2]

## I. ANALYSIS

Prior to listing her objections, Sawyer makes a request to set aside the default judgment entered against her, which the Court now construes as motion to set aside an entry of default under Federal Rule of Civil Procedure 55(c). See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal citation and quotations omitted). Rule 55(c) states that "[t]he court may set aside an entry of default for good cause." "In determining whether good cause exists, the district court must consider: (1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3)

---

[2] The remaining factual background of this case is sufficiently explained in the magistrate judge's R&R and need not be repeated here.

[w]hether the plaintiff will be prejudiced." United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 324 (6th Cir. 2010) (internal citation and quotations omitted). "In general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." Id. at 322.

Beginning with Sawyer's conduct, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Dassault Systemes, SA v. Childress, 663 F.3d 832, 841 (6th Cir. 2011). There is no indication that Sawyer intended to thwart these proceedings. However, her conduct can fairly be described as reckless. It is undisputed that she was served with summons, and notified twice by MetLife of the consequences of failing to respond. While Sawyer now states that her failure to respond was attributable to health issues, see Objs. at PageID.174, there is no indication that these issues rendered her completely unable to notify MetLife or this Court of her condition, seek an extension to answer, or file some paper to show her interest in participating in this action.

The next factor, whether Sawyer has a meritorious defense, weighs in her favor. As the designated beneficiary on the decedent's policy, Sawyer appears to have a legitimate claim to the proceeds.

The final factor, prejudice to MetLife, weighs in favor of MetLife. On October 26, 2017, this Court entered an authorizing the deposit of life insurance benefits into the Court. See 10/26/2017 Order (Dkt. 26). In the order, the Court released MetLife, the General Motors Life and Disability Benefits Program ("the Plan"), and General Motors from all liability with respect to payment of the insurance proceeds, and restrained Defendants from instituting any action to

recover the proceeds. Id. at 3-4. In its motion for default judgment, MetLife now requests that the Court enter an order releasing it from liability as to Sawyer and restraining her from bringing any action to recover the insurance proceeds. Failure to discharge MetLife, the Plan, and General Motors from liability as to Sawyer and restrain her from bringing suit at this late stage would certainly prejudice those companies. Furthermore, there is no benefit to Sawyer to remain free to sue the companies, given that her only legitimate interest is in the proceeds of the policy.

Therefore, the Court grants in part and denies in part Sawyer's motion to set aside the entry of default. To avoid any prejudice to MetLife, the Plan, and General Motors, the motion is denied to the extent Sawyer seeks to maintain any future claim against the companies. However, Sawyer is permitted to remain a party to this action in order to assert her rival claim to the proceeds against Fisher, Brenda Henke, and Riverside Chapel/Simpson-Modetz Funeral Home.

As noted, Kenneth has filed to file any objection to the R&R, and has not moved to set aside the clerk's entry of default. The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear

4

error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error as to Kenneth. On the face of the record, the Court finds no clear error and adopts the recommendation.

## II. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Sawyer's motion to set aside clerk's entry of default (Dkt. 32), accepts in part and rejects in part the magistrate judge's R&R (Dkt. 31), and grants MetLife's motion for entry of default judgment as Kenneth Henke, Jr., and grants in part and denies in part the motion as to Sawyer (Dkt. 23).

The case remains referred to the magistrate judge, who should set a schedule for future proceedings, including discovery and dispositive motions.

SO ORDERED.

Dated: June 27, 2018             s/Mark A. Goldsmith
    Detroit, Michigan          MARK A. GOLDSMITH
                                     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2018.

                                         s/Karri Sandusky
                                         Case Manager